IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 1:18-cr-10030-JDB-1

MARLON JAZZ TAYLOR,

    Defendant.

_____

ORDER CONSTRUING FILING AS REQUEST FOR FIRST STEP ACT RELIEF AND
DENYING MOTION
_____

        Pursuant to an amended judgment entered July 29, 2019, the Defendant, Marlon Jazz Taylor, was sentenced to life in prison on Count 1 of the second superseding indictment, which charged him with conspiracy to distribute and possess with intent to distribute more than fifty grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Docket Entry ("D.E.") 345.) On February 22, 2021, Defendant filed with the Court a letter seeking "information pertaining to [him] receiving relief under the First Step Act." (D.E. 554.) The Court will construe the letter as a motion for relief under the statute.

        "Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, including the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). *United States v. Smithers*, 960 F.3d 339, 342 (6th Cir. 2020).

        An inmate is eligible for a sentence reduction under § 404 of the FSA if he was convicted of a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties

for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." § 404(a)-(b), 132 Stat. at 5222; *see United States v. Michael*, 836 F. App'x 408, 411 (6th Cir. 2020). Section 2 of the Fair Sentencing Act amended quantities of crack cocaine necessary to trigger certain mandatory minimum sentences, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010), while Section 3 eliminated mandatory minimum sentences for simple possession, *id.*, § 3, 124 Stat. at 2372. As Defendant's conviction involved neither crack cocaine nor simple possession, it was not a "covered offense" for purposes of § 404 of the FSA. *See United States v. Trent*, No. 2:17-CR-17-TAV-CRW-1, 2021 WL 665505, at *2 (E.D. Tenn. Feb. 19, 2021) (defendant's conviction for conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine not a covered offense under the FSA). The crime of conviction in this case also does not qualify as a "covered offense" because it occurred on or about September 1, 2018, long after August 3, 2010. *See United States v. Jeter*, Case No. 18-CR-20319, 2020 WL 6544839, at *2 (E.D. Mich. Nov. 6, 2020) (offense committed in 2017 and 2018 not "covered offense" for purposes of the FSA because it occurred after, rather than before, August 3, 2010, as § 404 requires).

Because the crime for which Taylor was convicted was not a "covered offense" under the FSA, he is not eligible for relief. The motion is DENIED.

IT IS SO ORDERED this 10th day of May 2021.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE